IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

SEACOR MARINE, LLC, et al.,          :

    Plaintiffs,                  :

vs.                                  :         CA 14-0596-CB-C

C & G BOAT WORKS, INC., et al.,      :

    Defendants.

### ORDER

This cause is before the Court on defendant Janson Graham's motion to compel the plaintiffs to make complete responses to his first set of interrogatories (Doc. 73), filed on June 22, 2015. As set forth below, this motion is due to be and hereby is **STRICKEN**.

As the parties should be aware, the undersigned "strictly enforce[s]" the conferencing requirements contained in the Federal Rules of Civil Procedure pertaining to discovery. (Doc. 65, Rule 16(b) scheduling order, ¶ 10 & n.2 (explaining, with citation to a string of cases in support, that "simply corresponding with opposing counsel is not considered a good-faith attempt to confer or have a conference to resolve discovery disputes").) While Graham has demonstrated that letters and emails have been exchanged between the parties regarding the substance of his motion (*see* Doc. 73, Exhibits C-E), the movant has not certified that he made a good-faith effort to confer, as required by the Federal Rules of Civil Procedure and the Court's scheduling order (*see* Doc. 55, ¶ 10 & n.2), and the undersigned's examination of the correspondence exchanged "does not reveal that a good faith effort was made in order to reach an agreement over the discovery dispute." *Velazquez-Perez v. Developers Diversified Realty Corp.*, 272 F.R.D. 310, 312 (D.P.R. 2011) (citing *Aponte–Navedo v. Nalco Chem. Co.*, 268

F.R.D. 31, 40–41 (D.P.R. 2010) (citing, in turn, *Antonis v. Electronics for Imaging, Inc.,* 2008 WL 169955, at *1 (D.N.H. Jan. 16, 2008) ("emails . . . do[ ] not meet the requirement that the parties confer in good faith about discovery issues before invoking judicial remedies"); *Ross v. Citifinancial, Inc.*, 203 F.R.D. 239, 240 (S.D. Miss. 2001) (the meet and confer "prerequisite is not an empty formality" and "*cannot be satisfied by including with the motion copies of correspondence that discuss the discovery at issue*") (emphasis added))); *see also Velazquez-Perez*, 272 F.R.D. at 312 ("good faith" means conferring "personally or through a telephone conference").

In light of the foregoing, Graham's motion to compel (Doc. 73) is **STRICKEN**. This striking is without prejudice to Graham re-filing a motion to compel once he is capable of making the required good-faith certification. The undersigned brings to the movant's attention that last two sentences of footnote 2 of the Court's April 17, 2015 Rule 16(b) scheduling order: "Further, as the court in *Shuffle Master* observed, and this Court adopts, any good faith certification filed '<u>*must*</u> accurately and specifically convey to the court *who, where, how, and when* the respective parties attempted to personally resolve the discovery dispute.' 170 F.R.D. at 170 (emphasis added). *Motions with certifications lacking this level of detail will be stricken.*" (Doc. 65, at 5 n.2.) If this level of detail is not contained in any follow-up motion to compel filed by Graham, it too will be stricken.

**DONE** and **ORDERED** this the 24th day of June, 2015.

   s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**